IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ELIZABETH BROUGHTON, )
)
    Plaintiff, )
)
v. ) CASE NO. CV408-248
)
UNITED STATES OF AMERICA and )
HILTON HEAD HOUSECARE, L.L.P., )
)
    Defendants. )
)

## O R D E R

Before the Court is Defendant United States of America's Motion to Dismiss. (Doc. 15.) Plaintiff has responded in opposition. (Doc. 17.) For the reasons that follow, the Rule 12(b) Motion is **CONVERTED** to a Rule 56 motion. All parties are **HEREBY GIVEN NOTICE** of the conversion; the Court will take no action for **twenty-one (21) days**, until **February 23, 2010** so that Plaintiff can respond to this Motion.

### BACKGROUND

This is a traditional slip-and-fall case. (Doc. 1.) On January 3, 2006, Defendant went to a Veterans Affairs Outpatient Clinic in Savannah, Georgia, where she slipped on a wet floor. (Id. ¶¶ 8-11.) The fall caused her to suffer injuries, incur medical expenses, and experience pain and suffering. (Id. ¶ 13.) Hilton Head Housecare ("HHH"), a private entity,

provided maintenance services for the clinic pursuant to a contract with the Federal government. (Id. ¶ 9.)

Subsequently, Plaintiff filed an administrative tort claim with the Department of Veteran's Affairs ("VA"). (Doc. 13 ¶ 5.) On July 24, 2007, the VA denied that tort claim, reasoning that "[t]he VA contracts with a private entity for the maintenance of the Outpatient Clinic. This private entity is not a government agency and has no government employees. Consequently, your recourse is with the contractor." (Id., Ex. A.) On December 12, 2008, Plaintiff filed the instant law suit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80. The United States moves the Court to dismiss this case based on its sovereign immunity. (Doc. 15.)

## ANALYSIS

The Parties dispute whether this Motion is properly characterized as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) or a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docs. 16, 17, 19.) The Motion challenges the Court's subject matter jurisdiction based upon the United States' assertion of sovereign immunity. (Doc. 16.)

To determine whether a challenge to subject matter jurisdiction is properly brought under Rule 12(b)(1) or 56, district courts consider whether "the facts necessary to sustain

2

jurisdiction . . . implicate the merits of the plaintiff's cause of action." Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003). Where "the pertinent inquiry will resolve both the question of subject matter jurisdiction and a necessary element of the tort claim" a determination under Rule 12(b)(1) is inappropriate. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). To make this determination with respect to the FTCA, the Court must consider whether specific elements of the tort claim are implicated by the factual finding required for the 12(b)(1) motion. See Bennett v. United States, 102 F.3d 486, 489-90 (11th Cir. 1996) (comparing elements of Georgia tort claim to jurisdictional facts under the FTCA).

In Georgia, "[i]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." Little v. Alliance Fire Protection, Inc., 291 Ga. App. 116, 118, 661 S.E.2d 173, 175 (2008); accord Petrosky v. Embry Crossing Condo. Ass'n, Inc., 284 Ga. App. 354, 354, 643 S.E.2d 855, 857 (2007). Actual knowledge can be shown by proof that an employee was actually aware of the hazard. See Brown v. Am. Multi-Cinema, Inc., 292 Ga. App. 505, 507, 664 S.E.2d 838, 840 (2008), Flowers

v. Kroger Co., 191 Ga. App. 464, 465, 382 S.E.2d 184, 185 (1989). A Plaintiff can establish constructive knowledge by introducing evidence that either "a store employee was in the immediate area of the hazard and could have easily seen the substance or . . . the foreign substance remained long enough that ordinary diligence by the store employees should have discovered it." Food Lion, Inc. v. Walker, 290 Ga. App. 574, 576, 660 S.E.2d 426, 428 (2008).

Here, the jurisdictional fact in question is whether employees of HHH can be considered employees of the United States government. (Doc. 16.) That question is intertwined with the question of whether the United States had active or constructive knowledge of the hazard. That is, if HHH employees are not government employees, it would be impossible to show that the United States had knowledge of the hazard and, therefore, impossible to prove slip-and-fall liability. See Little, 291 Ga. App. at 118, 661 S.E.2d at 175. Other courts accord with this conclusion. See, e.g., Simpson v. Holder, 184 Fed. App'x 904, at *5 (11th Cir. 2006) (unpublished) ("Whether the . . . medical staff are government employees or independent contractors affects both subject matter jurisdiction under the FTCA and the merits of the FTCA claim." (emphasis in original)), Mack v. United States, 2009 WL 3757522, at *1-*2 (M.D. Ala. Nov. 9, 2009) (unpublished).

Where the factual attack on subject matter jurisdiction implicates an element of the cause of action, "[t]he proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." <u>Lawrence</u>, 919 F.2d at 1529. The movant should be "forced to proceed under Rule 12(b)(6) . . . or Rule 56." <u>Id.</u> However, the Court cannot construe the Motion as a Rule 12(b)(6) motion because the government has appended extrinsic evidence to its filings, which must be considered to decide the Motion.[1] <u>See</u> <u>Morrison</u>, 323 F.3d at 924. Therefore, the Motion must be decided under the summary judgment standard of Rule 56. <u>Lawrence</u>, 919 F.2d at 1259.

When a Court reaches this conclusion, it must give ten days notice before converting the Rule 12(b) motion to a Rule 56 summary judgment motion. <u>Denis v. Liberty Mut. Ins. Co.</u>, 791 F.2d 846, 850 (11th Cir. 1986). However, this requirement appears to come from Federal Rule of Civil Procedure 56(c), which has recently changed, extending the response period for a summary judgment motion from ten to twenty-one days. Accordingly, out of an abundance of caution, the Court will apply the twenty-one day notice requirement.

---

[1] Federal Rule of Civil Procedure 12(d) prohibits the consideration of material outside of the pleadings when ruling on Rule 12(b)(6) motions.

In sum, the Court will construe the Motion as one for summary judgment. Further, the Court will take no action for twenty (21) days from the date of this Order to afford Plaintiff a chance to respond to the Motion.

**CONCLUSION**

The Court has considered the United States of America's Motion to Dismiss. (Doc. 15.) For the above stated reasons, the Motion is **CONVERTED** to a Rule 56 motion. All parties are **HEREBY GIVEN NOTICE** of the conversion; the Court will take no action for **twenty-one (21) days**, until **February 23, 2010**, so that Plaintiff may file a response.

SO ORDERED this 2nd day of February, 2010.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA