FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2010 SEP -7 AM 11: 15
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ELIZABETH BROUGHTON, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV408-248
 )
UNITED STATES OF AMERICA and )
HILTON HEAD HOUSECARE, L.L.P., )
 )
    Defendants. )
                                  )

## O R D E R

Before the Court is Defendant United States of America's ("USA") Motion for Summary Judgment. (Doc. 27.) For the reasons that follow, the motion is **DISMISSED** and the parties are directed to conduct limited jurisdictional discovery.

### BACKGROUND

This is a traditional slip-and-fall case. (Doc. 1.) On January 3, 2006, Plaintiff Elizabeth Broughton slipped on a wet floor inside a Veterans Affairs Outpatient Clinic in Savannah, Georgia. (Id. ¶¶ 8-11.) The fall caused her to suffer injuries, incur medical expenses, and experience pain and suffering. (Id. ¶ 13.) Plaintiff named two defendants in her complaint: Hilton Head Housecare, L.L.P. ("HHH"), a private entity providing maintenance and cleaning services for the clinic, and Defendant USA. (Id. ¶¶ 9, 15-19.)

HHH was previously dismissed from the case because the applicable Georgia statute of limitations had expired. (Doc. 25.) Defendant USA filed a Motion to Dismiss prior to answering the complaint. (Doc. 15.) At the request of the parties (Doc. 21), discovery was stayed pending resolution of that motion. (Doc. 22.) This Court converted Defendant's Motion to Dismiss (Doc. 15) to a Motion for Summary Judgment (Doc. 26) because a ruling required addressing the merits of Plaintiff's claim while considering extrinsic evidence.

## ANALYSIS

The outcome of the jurisdictional issue in this case hinges on whether the employees of HHH are considered to be employees of Defendant USA. (Doc. 16.) In this case, the existence of jurisdiction is "inextricably intertwined" with the merits of Plaintiff's underlying lawsuit because deciding the jurisdictional issue necessarily impacts an element of Plaintiff's claim. See Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

The factual record in this case is understandably limited and consists primarily of an affidavit from a government contracting officer along with accompanying contract documents.[1]

---

[1] Although Defendant USA's Declaration of Linda S. Alderson (Doc. 27, Ex. A) represents the accompanying contract as applicable for "the period of October 1, 2005, through September 30, 2006," the Court notes that the actual contract documents

2

This is a consequence of the Court granting the parties' request for a stay of discovery when Defendant's motion was pending as a motion to dismiss. Despite this Court's conversion of the motion to one for summary judgment, no party formally moved to lift the stay and conduct discovery. However, Plaintiff's Response to Defendant USA's Motion to Dismiss (Doc. 28) argued that the pending motion was prematurely filed and should be "denied or a ruling withheld until the close of discovery." (Id. at 1-2.) The Court construes this as a request for limited jurisdictional discovery.

The Court is mindful of the burdens of the discovery process, particularly as applied to a defendant with a potentially valid claim of sovereign immunity. However, the Defendant's own documents provided in support of its motion are sufficient to warrant limited jurisdictional discovery as to whether the employees of HHH are considered to be employees of the USA. (Doc. 26 at 4.)

After reviewing the parties' positions, the facts are both uncertain and in dispute. As the Fourth Circuit has stated, the proper course is to allow development of the record before deciding the jurisdictional issue:

> [W]hen the defendant challenges the veracity of the facts underpinning subject matter jurisdiction, the

---

(Doc. 27, Ex. B) appear to extend the contract only "for the period October 1, 2003 through September 30, 2004."

3

> trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts. And when the jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery, unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous.

Kerns v. U.S., 585 F.3d 187, 193 (4th Cir. 2009).

The limited information that is available at this stage in the litigation precludes this Court from finding that Plaintiff's assertion of jurisdiction is "clearly immaterial or wholly unsubstantial and frivolous." Id. The Plaintiff has claimed that "pursuant to the contract, the United States set the hours during which the work would be done, the cleaning schedule, and the exact manner in which mopping should be performed." (Doc 28 at 2-3.) The Plaintiff has also cited a nine-step, detailed mopping procedure and a daily inspection right by site personnel. (Id.)

While the presently developed record may not warrant this Court's assertion of jurisdiction, sufficient information has been presented that precludes a finding that the claim is frivolous. Limited jurisdictional discovery may very well reveal facts to support Plaintiff's allegations that Defendant USA controlled "the detailed physical performance of the contractor." Tisdale v. U.S., 62 F.3d 1367, 1371 (11th Cir.

1995). Therefore, limited jurisdictional discovery is warranted.

## CONCLUSION

The Court **ORDERS** that the parties conduct limited jurisdictional discovery and submit a Rule 26(f) proposed joint jurisdictional discovery plan to this Court within **thirty days** from the date of this Order and complete limited jurisdictional discovery within **ninety days**. This discovery shall be limited to matters concerning this court's jurisdiction and any intertwined elements of Plaintiff's claim, specifically including the issue of whether HHH's employees can also be considered those of Defendant USA. After the completion of jurisdictional discovery, either party may file a motion for summary judgment. Accordingly, Defendant's motion is **DISMISSED**.

SO ORDERED this 7th day of September 2010.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA